Argued July 13, reversed July 27, 1915.

## THIELKE v. ALBEE.*

(150 Pac. 854.)

**Municipal Corporations—Initiative and Referendum Powers—Constitutional Provisions.**

1. Section 1a, Article IV, Constitution, reserving to the voters of every municipality the initiative and referendum powers as to all municipal legislation, and Article XI, Section 2, granting to the voters of every city power to enact a municipal charter subject to the Constitution and criminal laws, the common council of the city may not initiate an ordinance and submit it to a vote of the people as an initiative measure without first passing it.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

In Banc. Statement by MR. JUSTICE McBRIDE.

This is a suit by A. A. Thielke, George R. Barker and W. J. Christenson against H. R. Albee, Mayor of the City of Portland, to enjoin the defendant from enforcing the provisions of an ordinance of the City of Portland, commonly called the "jitney ordinance." The complaint states that plaintiffs are each the owners and operators of automobiles carrying passengers for hire, and alleges facts sufficient to bring them within the terms of the alleged ordinances and contains among others, the following averments:

"That on April 2d, the city council of the said City of Portland passed an ordinance, entitled 'An ordinance, licensing and regulating motor busses operated within the City of Portland,' which ordinance is in the exact words and figures, and is to all intents and purposes, the same identical ordinance as the one hereinafter set out and annexed to this complaint and marked 'Exhibit A'; that immediately after said city council passed said ordinance on April 2, 1915, the

---

*For authorities dealing with initiative and referendum, see notes in 11 L. R. A. (N. S.) 1092; 33 L. R. A. (N. S.) 969; 50 L. R. A. (N. S.) 196.                                         REPORTER.

plaintiffs, with other citizens of said city, demanded a referendum vote thereon, and filed with the auditor of said city, on or about May 2, 1915, a petition of legal voters, asking for such referendum; that said petition contained over 10 per cent of the total registered voters of said city, and was in all respects sufficient, and the referendum was thereupon automatically ordered for the regular city election to be held in said city the first Monday in June, 1917, it being required that said referendum be ordered at least 60 days before the election at which it was submitted, and it being also requisite under the state law that 60 days' notice be given to the voters in order that they might qualify themselves intelligently to vote upon any measure submitted to them under the referendum clause of the Oregon system of direct legislation; that upon the referendum being invoked as aforesaid, the jurisdiction of the said city council over said ordinance was wholly ended; that said city council, in defiance of law, and desiring to evade the law, and to force said ordinance to a vote at the election on June 7, 1915, did, on May 12, 1915, unlawfully, and under the forms of councilmanic procedure, assume to repeal said ordinance upon which the referendum had been so ordered; that said council, finding that a charter provision stood in the way of its passing its said alleged ordinance of repeal on May 12, 1915, because no ordinance, except an emergency ordinance, could be passed on the day of its introduction, did willfully, designedly, unlawfully and with purpose to evade the law of the State of Oregon, attach to its said alleged ordinance repealing the ordinance first aforementioned a so-called emergency clause, the emergency assigned being that the 'health and safety of the community' demanded its repeal; that said council thereupon, and at its same sitting on said 12th day of May, 1915, and in pursuance of its aforesaid unlawful design to force said ordinance to a vote at the city election on June 7, 1915, did order the same identical ordinance referred to a vote of the people at said June 7, 1915, election; that said action of said city council of May 12, 1915, assuming to re-

peal the ordinance first aforementioned, upon which the referendum had been ordered for June, 1917, was illegal and void for the reasons stated, and that the action of said city council, which immediately followed, in ordering the same ordinance submitted to a vote of the people for June 7, 1915, was premature and void for the reasons stated, and for the reason that the council had lost all jurisdiction over said ordinance.''

· The complaint contained other averments alleging unreasonable and confiscatory provisions of the ordinance which it is not necessary to consider here. There was a general demurrer to the complaint, which being sustained, plaintiffs appeal.          REVERSED.

For appellants there was a brief over the names of *Mr. A. W. Lafferty, Mr. R. L. Merrick* and *Mr. D. E. Powers,* with an oral argument by *Mr. Lafferty.*

For respondent there was a brief with oral arguments by *Mr. Walter P. La Roche,* City Attorney, and *Mr. H. M. Tomlinson,* Deputy City Attorney.

There was a brief filed by *Messrs. Stapleton & Conley,* amici curiae.

Mr. Justice McBride delivered the opinion of the court.

1. From the allegations of the complaint it appears that the original ordinance passed by the council was repealed, and that the same ordinance, after being repealed, and therefore dead for any purpose, was submitted to the people by the council as an initiative measure. For the purposes of the demurrer said allegations must be taken as true. Conceding that the council had a right to repeal the ordinance after it had been referred, and that it had the right to pass an-

other ordinance identical in terms with the one repealed and to submit it to a vote at the election next ensuing, we are of the opinion that it went beyond its powers in submitting to a vote of the electorate an ordinance not passed by it. Article IV of the Constitution, as amended in 1902, provides that the people reserve unto themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independently of the legislative assembly, and prescribes the procedure by which these powers may be exercised, but nowhere does it grant to the legislature any power to initiate laws, except constitutional amendments, and submit such laws to the vote of the people, without itself first enacting them in the form of laws. Constitutional amendment of Section 1a of Article IV, adopted in 1906, extends this right to municipalities in the following language:

"The initiative and referendum powers reserved to the people by this Constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more than 10 per cent of the legal voters may be required to order the referendum nor more than 15 per cent to propose any measure, by the initiative, in any city or town."

Article XI, Section 2, of the Constitution, as amended in 1906, provides:

"The legal voters of every city and town are hereby granted power to enact and amend their municipal

charter, subject to the Constitution and criminal laws of the State of Oregon.''

In none of these provisions is there conferred power upon the legislature to initiate a law, or upon the city council to initiate an ordinance; and we are cited to no provision of the state statute or charter of Portland which confers this right. The ordinance, with one or two exceptions which could well be eliminated, without holding the whole void, seems to be fair and reasonable, and the need of such regulation is, no doubt, imperative; but upon the showing made in the complaint there was no authority in the council to submit it as an initiative measure.

The order of the Circuit Court is therefore reversed and the cause remanded, with directions to the Circuit Court to permit an answer to be filed within such time as it may deem reasonable.                    REVERSED.