Argued January 31, affirmed February 13, rehearing denied March 27, 1917.

# PROVOOST *v.* CONE.[*]

(162 Pac. 1059; 162 Pac. 1060.)

**Municipal Corporations—Charters—Amendments.**

1. The town of Bay City was incorporated under a general act filed in the office of the Secretary of State February 21, 1893 (Section 3206 et seq., L. O. L.). Section 3224 declares that every ordinance shall be signed by the mayor or passed over his veto, and a copy thereof published at least once in a newspaper published in such town or city, or in lieu thereof shall be duly posted. The common council of the town, desiring to amend and substitute another charter, enacted an ordinance for that purpose providing that it should go into effect upon its passage and approval by the mayor. The ordinance was not published, nor was a copy posted as required, but at an election held under the ordinance the new charter was adopted by the voters. *Held,* that notwithstanding the reservation in Article IV, Section 1a, of the Constitution, of the initiative and referendum power to voters of municipalities, and the provision in Article XI, Section 2, granting to the voters of every city power to enact a municipal charter, the new charter did not go into effect, the old law as to publication remaining effective until repealed, and hence city taxes assessed under the new charter could not be collected.

   [As to validity of statute conferring upon municipality power to amend charter or adopt new one, see note in **Ann. Cas.** 1913C, 788.]

From Tillamook: GEORGE R. BAGLEY, Judge.

Suit by W. L. Provoost against Mary J. Cone. In the lower court defendant secured a decree in her favor and plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. H. T. Botts* and *Mr. E. J. Claussen,* with an oral argument by *Mr. Botts.*

For respondent there was a brief over the names of *Mr. Webster Holmes* and *Mr. T. H. Goyne,* with an oral argument by *Mr. Holmes.*

---

[*]On power of legislature to delegate to a municipality authority to form or amend its charter, see note in 43 **L. R. A. (N. S.)** 339.

Department 2.   MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the plaintiff from a decree dismissing a suit instituted to foreclose an alleged delinquent tax certificate.  The question involved is whether the proceedings undertaken to amend a municipal charter were conducted in the manner prescribed.  The town of Bay City was incorporated under the provisions of a general act of the legislative assembly, filed in the office of the Secretary of State February 21, 1893: Sections 3206 et seq., L. O. L.   Section 3224 thereof contains a clause which reads:

"Every ordinance shall be signed by the mayor, or passed over his veto, and attested by the recorder, and a copy thereof published at least once in a newspaper published in such city or town, or in lieu of such publication, three copies thereof shall be posted in at least three public places therein before it becomes a law."

The common council of that town, desiring to invoke an exercise of the initiative power reserved to the electors of municipalities by the organic law of the state, enacted ordinance No. 3, October 17, 1910, proposing to amend and substitute another charter, setting forth a copy thereof, whereby the name of the municipality was undertaken to be changed to that of "Bay City."   Subdivision 2 of Section 1 of article VIII of the proposed amendment reads:

"To levy taxes, not to exceed 5 mills on the dollar per annum on the taxable property within the corporate limits."

The ordinance provided it should go into effect upon its passage and approval by the mayor, and it was so enacted and ratified on the day stated.   This ordinance was not published in a newspaper, nor was a copy thereof posted as required by Section 3224, L. O. L.

At a meeting of the council held the next day it was voted that an election should be held in the corporate limits December 20, 1910, to determine whether or not the proposed substitute for the charter should become the organic law of the municipality, whereupon the recorder was directed to post notices of the election, and judges and clerks thereof were appointed. Pursuant to notice thereof an election was held at the time specified, and it having appeared from a canvass of the votes so cast that a majority thereof favored the adoption of the new charter it was declared duly enacted. Based upon the provisions of the substituted charter and of ordinances enacted in conformity therewith, there was entered on the tax-roll of Tillamook County for the year 1911, with other exactions, a municipal tax of $11.55 against the defendant's real property in Bay City. She paid all the general taxes so levied, but upon refusing to discharge the municipal demand the plaintiff paid the same with penalty and interest to January 12, 1914, amounting to $15.74, and received a certificate of delinquency as evidence thereof.

Ordinance No. 3 was first published December 29, 1911, but this was more than a year after the alleged adoption of the substituted charter. Several other amendments thereto were attempted to be made whereby the annual tax rate could be increased and the *pro rata* share thereof entered on the roll. In consequence of the defendant's refusal to liquidate the part of the municipal exaction, the plaintiff paid the same and now seeks by this suit to foreclose the alleged lien given by law to secure $42.52 as the entire amount of the delinquent taxes, penalties, and interest, and to have such real property sold to satisfy that sum with accruing costs, disbursements, and expenses.

The cause being at issue was tried and from the evidence received the court made findings of fact substantially as here stated, and based thereon deduced the conclusion of law that, since ordinance No. 3 was never published in a newspaper or posted as required, the substituted charter was not legally enacted, and as it never had life, vitality could not be infused into it by subsequent amendments, neither of which was effective, and thereupon gave a decree as hereinbefore stated.

No escape from the conclusion so reached seems possible, however much it may be desired to uphold the proceedings of the common council and to sustain the vote of the electors. Section 3224, L. O. L., which was incorporated in and thus became a part of the original charter, prescribed the manner and afforded the measure of the power that could have been exercised in the enactment of ordinances. Until that section was legally abrogated in the manner specified by an exercise of the initiative power, it was impossible to inaugurate an amendment of the charter except by a strict compliance with the mode pointed out. In *Thielke* v. *Albee,* 76 Or. 449 (150 Pac. 854), it was ruled that under Article IV, Section 1a, of the Constitution reserving to the voters of every municipality the initiative and referendum powers as to all municipal legislation, and Article XI, Section 2, thereof, granting to the voters of every city power to enact a municipal charter subject to the Constitution and criminal laws, a common council of a city could not initiate an ordinance and submit it to a vote of the people as an initiative measure without first enacting it. The decision in that case is controlling herein. As ordinance No. 3 was never legally passed before it was declared to be in effect by reason of the failure to give the required notice, the

substituted charter was never duly adopted, no valid amendment thereto was made, and the taxes attempted to be levied pursuant thereto are void.

It follows that the decree must be affirmed, and it is so ordered.　　　　AFFIRMED.　REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and Mr. JUSTICE McCAMANT concur.

---

Denied March 27, 1917.

ON PETITION FOR REHEARING.

(162 Pac. 1060.)

Petition for rehearing denied.

*Mr. H. T. Botts* and *Mr. E. J. Claussen,* for the petition.

*Mr. Webster Holmes* and *Mr. T. H. Goyne, contra.*

Department 2.　MR. JUSTICE McCAMANT delivered the opinion of the court.

Plaintiff contends in a petition for a rehearing that in the former opinion we have overlooked Section 3239, L. O. L. This section provides for the approval of ordinances by the mayor and declares that "thereupon, unless otherwise provided, such ordinance shall become a law and be of force and effect." This section and Section 3224, quoted in the former opinion, are both parts of the act of 1893. On familiar principles of construction they are to be read together and when they are so read it cannot be held that Section 3239 nullifies the mandatory provisions of Section 3224. In express terms Section 3224 requires the ordinance to be pub-

lished or posted "before it becomes a law." If we were to declare ordinance No. 3 effective without such publication or posting, we would legislate judicially.

It is provided by Section 3482, L. O. L., that "amendments to any city charter may be proposed and submitted to the people by the city council, with or without an initiative petition," but in the instant case the city council failed to do so because of the invalidity of ordinance No. 3. Reliance is placed on a resolution adopted by the council directing the posting of notices of the election which ordinance No. 3 had undertaken to provide for. This resolution did not submit the proposed charter to the voters and therefore did not constitute a compliance with Section 3482, L. O. L.

It is finally contended that the taxes on which plaintiff relies can be supported under the power of taxation granted by the enabling act of 1893. The pleadings in this case admit that the taxes in question were levied under the authority of the amended charter. The attempt to amend having proved abortive, it follows that the taxes were levied without authority and are void.

The former opinion is adhered to and the petition for rehearing is denied.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.