Argued May 1, dismissed 15, rehearing denied May 29, 1917.

## STATE EX INF. *v.* BOZORTH.

(164 Pac. 958.)

**Municipal Corporations — Enactment of Charter — Initiative and Referendum.**

1. The Bay City city council having previously adopted an ordinance providing for exercise of the initiative and referendum powers reserved to the voters under the Constitution, and in pursuance thereof having in the absence of one of ts members unanimously adopted an ordinance referring to the voters charter amendments and calling a special election for adoption or rejection, due notice of which was given by posting, publication, and distribution to each voter of a copy of the measure, the proposed new charter, on receiving a majority vote and being proclaimed duly ratified by mayor, became the fundamental law of the city.

[As to construction of initiative or referendum provision in municipal charter, see note in Ann. Cas. 1916B, 319.]

Original proceedings by *quo warranto* in Supreme Court.

Action instituted in the name of the State of Oregon ex inf. T. H. Goyne, District Attorney, for Tillamook County, Oregon, against John O. Bozorth, J. C. Mc-Clure, Theodore Jacoby, W. C. Hawk, George James, J. T. Nevins and Henry Butler, comprising the city officers of Bay City, a municipal corporation. Dismissed.

For the plaintiff there was an oral argument by *Mr. Webster Holmes, amicus curiae.*

For defendants there were oral arguments by *Mr. George P. Winslow* and *Mr. W. A. Johnson.*

In Banc. Mr. Justice Moore delivered the opinion of the court.

This action was instituted in our court in the name of the state upon the relation of the proper district attorney to determine the respective rights of the defendants to act as and discharge the duties of mayor, recorder, and councilmen of Bay City, Oregon, a municipal corporation. The information herein was induced by and predicated upon the decision rendered in the case of *Provoost* v. *Cone,* 83 Or. 522 (162 Pac. 1059), where it was held that ordinance No. 3 of that municipality, adopted October 17, 1910, and ratified at an election held December 20th of that year, purporting to amend and substitute another charter in lieu of the original organic act of the city, was ineffectual for that purpose. The question there involved was the validity of a municipal tax attempted to be levied pursuant to the provisions of the proposed amendment. In that suit the only proceedings of the council that

were or could have been brought up and considered
occurred prior to the attempted imposition of the tax.
At that time no general provision had been enacted by
the council relating to the initiative and referendum,
though the time for holding an election thereunder had
been prescribed.  Subsequently, however, as appears
from the answer to the information herein, ordinance
No. 107 was adopted and approved, providing for an
exercise of the initiative and referendum powers re-
served to the legal voters of municipalities under the
Constitution of Oregon.  A section of that ordinance
referring to the attempted amendment of the charter
which was considered in the case of *Provoost* v. *Cone,*
83 Or. 522 (162 Pac. 1059), reads:

"Whereas, some question has arisen concerning the
regularity, sufficiency, and legality of the adoption of
the present charter of Bay City, submitted to the legal
voters of said city on the 20th day of December, 1910;
and, whereas, an issue of bonds for the purpose of pro-
viding public docks for said city has been attempted to
be authorized under the provisions thereof; and,
whereas, owing to the irregularities and illegalities
connected with the passage of the same, it is impossible
to sell and dispose of said bonds; and, whereas, the
charter of said municipality imposes upon its officials
the duty of providing wharves for said city, and for
said purpose the city officials have attempted to sell
and dispose of bonds therefor, which it has been unable
to do owing to the above irregularities and illegalities;
and, whereas, it is necessary that a new charter be
adopted in the manner provided by law at as early a
date as possible and in order proposed so to do it is
necessary to enact this ordinance, now, therefore, an
emergency is hereby declared to exist and this ordi-
nance shall immediately go into force and effect upon
its adoption and approval."

Pursuant to the provisions of that enactment the
council on June 2, 1914, in the absence of one member

unanimously adopted a resolution, which was immediately approved by the mayor, referring to the voters of Bay City a new charter, denominated: "Charter Amendments Submitted to the Voters by the Council," which proposed alteration included the attempted amendment of December 20, 1910, and all subsequent alterations thereof, and also contained provisions authorizing the issuance and sale of municipal dock bonds. The resolution though denominated such was in fact an ordinance, enacted in the same form and manner as such legislation, and provided for the publication of ordinance No. 107, containing the new charter as prepared, and calling a special election to be held June 22, 1914, for the purpose of adopting or rejecting the substituted organic law. Due notice thereof was given by publication of the proposed new charter in the city official newspaper, by posting copies thereof in the required public places for the prescribed time, and also by distributing to every voter in the municipality a copy of the measure. The election was held at the time appointed and a majority of all the votes cast thereat having been found to be in favor of the adoption of the new charter it was, on June 26, 1914, by proclamation of the mayor declared to have been duly ratified, since which day the new charter has been acted upon and treated as the fundamental law of the municipality, and each of the defendants holds office pursuant to its provisions.

The answer to the information sets forth copies of the entire proceedings whereby the new charter was undertaken to be substituted for the original organic act and all attempted amendments thereto. It is deemed unnecessary to advert particularly to the form and manner of inaugurating or consummating the ultimate alterations referred to, a careful examination

of which convinces us that under the rules adopted in the cases of *State ex rel.* v. *Kelsey,* 66 Or. 70 (133 Pac. 806), and *Duncan* v. *Dryer,* 71 Or. 548 (143 Pac. 644), the new charter was enacted with all the formalities prescribed by law, thereby regularly amending the original organic act of the municipality and all attempted alterations thereof.

The defendants herein are, therefore, the duly chosen, legally qualified, and acting officers of Bay City, Oregon, under and pursuant to the provisions of its new charter, which went into effect June 26, 1914, when so proclaimed by the mayor, and each defendant is entitled to the respective office so held by him. It follows that this action should be dismissed, and it is so ordered.                              DISMISSED.