Argued and submitted May 5, reversed August 6, reconsideration denied September 26, petition for review denied November 12, 1986 (302 Or 194)

## STATE ex rel MARTIN et al,
*Respondents,*

*v.*

## ERVIN et al,
*Appellants.*

(A8503-01854; CA A37019)

722 P2d 1289

John B. Leahy, County Counsel, Multnomah County, Portland, argued the cause for appellants. With him on the briefs was Jane Ellen Stonecipher, Assistant County Counsel, Multnomah County, Portland.

Henry Kane, Beaverton, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendants are the Multnomah County Board of Commissioners and the county's Director of Elections. They appeal the trial court's writ of mandamus directing them to hold a referendum election on a county ordinance. Defendants argue that the repeal of the ordinance, after defendant Ervin certified that the petition to refer the ordinance contained more than the required number of qualified signatures, left nothing for the voters to decide. We agree and, therefore, reverse.

On December 20, 1984, the county adopted Ordinance 448, which prohibited discrimination in county hiring based on sexual orientation or marital status. It did not contain an emergency clause and, under the county charter, it took effect 30 days after its passage. Plaintiffs were the chief petitioners on a petition to refer the ordinance to a popular vote. On March 12, 1985, Ervin certified that the petitions met the charter's requirements for a referendum. On March 20, 1985, the Board adopted Ordinance 461, which repealed Ordinance 448. Ordinance 461 contained an emergency clause and was effective on March 22, 1985, when the county executive signed it. At the same time, the board adopted a resolution affirming its commitment to equal employment opportunity without regard to, among other things, sexual orientation or marital status. That resolution did not have binding legal force. Because of its repeal of Ordinance 448, the board refused to order a vote on the referendum; plaintiffs then successfully sought mandamus in the circuit court.

The issue is what a county may do to an ordinance which is referred after it has taken effect. Many of the authorities plaintiffs cite are not relevant to that issue.[1] This is not a case where a county tried to circumvent the referendum process by substantially readopting the ordinance after the repeal as in *Citizens v. Spokane,* 99 Wash 2d 339, 662 P2d 845 (1983). Because one function of a referendum petition is to repeal an act or to prevent it from going into effect, it is different from an initiative, which is an attempt to enact legislation. Cases holding that the Secretary of State is

---

[1] Many of plaintiffs' authorities are also from other states. Because state referendum statutes vary considerably, most of those cases are of no assistance.

required to submit a qualified initiative to the voters therefore do not apply to the referral of a repealed act. *See, e.g., State ex rel Carson v. Kozer,* 126 Or 641, 647-648, 270 P 513 (1928). Repeal by the enacting body achieves the goal that a successful referendum would have produced.[2]

Once the ordinance was repealed, it was "dead for any purpose." *Thielke v. Albee,* 76 Or 449, 451, 150 P 854 (1915).[3] Thus, plaintiffs had achieved their goal without a vote.

Plaintiffs may believe that a successful referendum would have discouraged the county from adopting a similar ordinance in the future, but the referendum process is not intended to be a vehicle for creating political pressure other than in the context of a viable, live ordinance, nor is it intended to produce an advisory opinion. When the county repealed the ordinance, the referendum petition lost its *sine qua non,* an ordinance to be repealed, and, thus, its legal foundation. The issue became moot. The trial court should have dismissed the mandamus petition.[4]

Reversed.

---

[2] There does not appear to be any Oregon authority on the duty to place an initiative on the ballot when the legislative authority has enacted the proposed legislation after the filing of the petition but before the election.

[3] In *Thielke v. Albee, supra,* the city repealed the referred ordinance and then referred the same ordinance to the people as an initiative. The city's purpose was to speed up an election on the ordinance. The Supreme Court held that a city cannot initiate a law without first adopting it. Its statement that the ordinance was "dead for any purpose" after the repeal was therefore *dictum,* but it was an accurate description of the situation.

[4] Plaintiffs' position could have consequences that they do not intend. The referendum petition did not suspend the operation of the ordinance, because it was filed after the ordinance's effective date. Mult. Co. Charter § 5.50(1)(b). If the petition deprived the county of the power to repeal the ordinance—a position that is the necessary foundation for plaintiffs' case—then the ordinance is still effective and individuals may accrue rights under it. Plaintiffs' argument might therefore at least delay the repeal of the ordinance which they oppose and would make it of greater effect than if the county's repeal is effective. If plaintiffs are correct, the ordinance is presently in effect. From plaintiffs' perspective, there would seem to be little benefit in that result.