Argued September 19, affirmed October 2, 1928.

STATE ex REL. CARSON, DISTRICT ATTORNEY, *v.*
SAM A. KOZER, SECRETARY OF STATE.

(270 Pac. 513.)

For appellant there was a brief over the names of *Mr. John H. Carson,* District Attorney, and *Mr. J. W. De Souza,* with an oral argument by *Mr. J. M. Devers.*

For respondent there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. J. B. Hosford,* Assistant Attorney General.

RAND, C. J.—This suit was instituted by the State Highway Commission to obtain an injunction against the defendant as Secretary of State to enjoin him from certifying and printing on the official ballot for the ensuing election the ballot title and numbers of a proposed initiative measure to amend the existing Motor Vehicle Law. Although the suit was instituted in the name of the state on relation of the District Attorney of Marion County, the Attorney General appeared in the court below and demurred to the com-

plaint. The case is here on an appeal from an order sustaining the demurrer.

It appears from the allegations of the complaint that the petition for the initiation of said measure contained the requisite number of signatures, that it was properly verified and was in proper form, and there is no allegation in the complaint that any of the requisite statutory directions for the initiation of a proposed initiative measure have not been complied with, but it is alleged that the bill, if enacted into law, would be unconstitutional and void, that it is not plainly worded and it is loosely and imperfectly drawn, that its meaning is obscure and uncertain and that its enactment into law would cause irreparable loss and damage to the state.

■ It is contended on behalf of the demurrer that where a petition for the initiation of a measure by the legal voters of the state contains the requisite number of signatures and is in proper form and has been properly verified and all statutory requirements have been complied with, it is the duty of the Secretary of State to file the same and, upon its being filed, to certify and cause the ballot title, and numbers thereof to be printed on the official ballot, so that the same may be adopted or rejected by the legal voters of the state, and that in such case the courts have no authority to enjoin the Secretary of State from certifying to it and printing its ballot title and numbers on the official ballot.

Prior to the amendment of June 2, 1902, of Article IV, Section 1, of the Constitution, the legislative authority of the state had been vested exclusively in the legislative assembly. By the amendment the power of the legislative assembly to enact laws or to de-

clare what the law should be at a future time was not in any way impaired, but the power was no longer to be exclusive, for another clause was added which provided:

" * * but the people reserve to themselves power to propose laws and amendments to the constitution and to enact or reject the same at the polls, independent of the legislative assembly, and also reserve power at their own option to approve or reject at the polls any act of the legislative assembly."

By this reservation of the legislative power in the people themselves by means of the initiative the people may propose and enact any law and by means of the referendum may repeal any law passed by the legislative assembly, and at the same time the legislative assembly, when convened, may amend or repeal a law passed by the people. Under this dual system of legislation we have now two law-making bodies, the legislative assembly on the one hand and the people on the other, which in the exercise of the legislative powers are coequal and co-ordinate. But since Article IV, as amended, was not self-executing in respect to the exercise of the initiative and referendum powers by the people an enabling act was required, providing the procedure by which those powers could be exercised. In providing the method and manner for the exercise of such powers, the legislative assembly enacted what is now Title XXVIII, Chapter XIII, comprising Sections 4095–4112, Or. L. This chapter provides the procedure which must be followed in the enactment of a law by the people and, in compliance with such requirements, it is then made the duty of the Secretary of State to file the initiative petition in his office and to certify and print on the official ballot for the ensuing election the ballot title

and numbers of the proposed initiative measure, so that the same may be adopted or rejected at the polls. The only authority conferred upon the courts to control the actions of the Secretary of State in respect to initiative and referendum measures is that contained in Section 4099, Or. L., which provides:

"If the secretary of state shall refuse to accept and file any petition for the initiative or for the referendum any citizen may apply, within ten days after such refusal, to the circuit court for a writ of *mandamus* to compel him to do so. If it shall be decided by the court that such petition is legally sufficient, the secretary of state shall then file it, with a certified copy of the judgment attached thereto, as of the date on which it was originally offered for filing in his office. On a showing that any petition filed is not legally sufficient, the court may enjoin the secretary of state and all other officers from certifying or printing on the official ballot for the ensuing election the ballot title and numbers of such measure."

By these provisions the court has authority, upon the suit of any citizen, to compel the Secretary of State by writ of *mandamus* to accept and file a petition for the initiative or referendum if the court finds that such petition is "legally sufficient" and the courts are also given the power, upon a suit by the state itself, to enjoin the Secretary of State from certifying or printing on the official ballot any petition which has been filed in his office if the court finds the same is not "legally sufficient." Under these provisions, it is contended on behalf of the relator that the words "legally sufficient," as used in the statute, confer upon the courts the power to enjoin the Secretary of State from certifying or printing upon the official ballot the ballot title and numbers of any initiative measure which, if adopted, would be un-

constitutional, while the Attorney General contends that no such power exists in the courts and that it is only after the adoption of the measure itself that the question of its constitutionality can be inquired into or determined by the courts. The relator conceded upon the argument that if this was a measure pending before the legislative assembly, the courts would have no power to enjoin its being voted upon or enacted into law, whether constitutional or unconstitutional, but claims there is a distinction between a measure before the legislative assembly and an initiative measure to be voted upon by the people. However, he has wholly failed to point out what the distinction is or how the courts can exercise an injunctive power in the one case and have no such power in the other.

■ The words "legally sufficient," as used in the statute, refer only to a compliance with the procedure prescribed by the statute for getting an initiative measure on the ballot and necessarily means that after all the provisions of the statute for the initiation of said measure have been complied with, the petition is "legally sufficient." In the nature of things it can have no reference whatever to the question of whether the proposed measure, if adopted, would be constitutional. Under the settled procedure in this state there is no power inherent in the courts to determine whether or not a proposed law before it has been enacted is constitutional or unconstitutional. Neither the Constitution itself nor any statute gives to the courts any such power. The courts of this state never attempted to exercise such a power. Any interference by the courts or by any executive officer of the courts with the enactment of any law, consti-

tutional or unconstitutional, either while the proposed measure is pending before the legislative assembly or if it is an initiative measure where all statutory requirements have been complied with, would in itself be a violation of the Constitution which provides that:

"The powers of the government shall be divided into three separate departments—the legislative, the executive, including the administrative, and the judicial; and no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this constitution expressly provided."

Since, under the amendment of the Constitution, the people have reserved to themselves the power to enact law, the power resides in the people and any attempted interference by the courts in the exercise of their power, where all the requirements of the statute have been complied with, would be a mere usurpation upon the part of the courts, for such power does not exist. Where all the statutory requirements have been complied with, no court or executive officer has any authority to interfere or prevent a vote thereon. In such case the people alone are authorized to determine whether the proposed measure shall be enacted into law and if the measure when enacted is unconstitutional, then only have the courts power to declare it to be unconstitutional. The courts, therefore, can no more prevent, when all statutory requirements have been complied with, the people from voting upon a proposed initiative measure than it could prevent the legislative assembly, when convened, from voting upon the same measure.

■ ■ Where an initiative petition has been filed in the office of the Secretary of State, is in proper form,

properly verified, contains the requisite number of signatures and shows upon its face that all of the statutory directions entitling it to be filed have been complied with, the statute makes it the imperative duty of the Secretary of State to file the petition and, upon its being filed, to certify and print the ballot title and numbers on the official ballot so that it can be voted upon. The relator contends that, in the performance of this duty by the Secretary of State, he was acting in a ministerial capacity and was not engaged in any legislation, and argues from this that the courts do have power to enjoin the Secretary of State if the bill itself, when enacted, would be unconstitutional. Where the law defines and prescribes the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial: 34 C. J. 1179.

■ It is clear that no executive officer can exercise any legislative power and that the acts of the Secretary of State in accepting and filing an initiative measure, where all statutory requirements have been complied with, and in certifying and printing the ballot title and numbers of the measure on the official ballot, are ministerial in nature and that he is not exercising any legislative power but is performing the acts which, under the statute, are essential to the exercise of the legislative power by the people of the state and, while he is acting purely in a ministerial capacity and not exercising any discretion, the law itself enjoins upon him the performance of the acts themselves and it would seem to follow as a necessary consequence, where a duty is imposed upon a public official to do an official act upon compliance by others of all the statutory requirements necessary to make it

the duty of the official to do the act, that no court would have power to enjoin the officer from the doing of such act. Under the circumstances stated, the directions of the statute upon the Secretary of State are plainly mandatory and requires the performance by him of the very duty which relator seeks to have the court enjoin him from doing. The courts have no power to direct a public official to refuse to perform a duty imposed upon him by the mandatory provisions of the statute.

If the measure is unconstitutional and should be adopted, the Constitution itself will require the courts, if the question is properly presented, to pronounce the measure to be unconstitutional, but the courts possess no such power as to any proposed bill before the same has become a law and neither the executive department of the state nor the judicial department has authority to say to either of the legislative branches of the state, ''The law you are proposing to enact is unconstitutional and because it is unconstitutional you cannot determine for yourself whether the same shall be enacted into law or not.'' These principles, it seems to us, are so fundamental and their application to the instant case so clear as to require no citation of authorities for their support.

Prior to the hearing upon the appeal, application was made by Mr. W. S. U'Ren on behalf of the Oregon State Federation of Labor, the Oregon State Grange of the Patrons of Husbandry, himself and others that they be made defendants in the suit because of the public importance involved in the suit and of their interests as citizens in the result of the suit. By consent of the relator and of the defendant, their application was taken under advisement and

they were permitted to appear and to be heard upon the argument. We have had the benefit of an able argument and brief submitted in their behalf, but after mature consideration of the matter, the court is of the opinion that the interest of the proposed defendants in the result of the litigation was that shared in common by all of the people of the state, and that since no relief could be given against them they were not necessary or proper parties and, therefore, are not entitled to be joined with the Secretary of State as defendants in the suit. Their application will, therefore, be denied.

■ But one other matter need be noticed. This suit was instituted in pursuance to the provisions of Section 4099, Or. L., and a suit brought under that section to enjoin the Secretary of State from certifying and printing on the official ballot the ballot title and numbers of an initiative measure which has been filed in his office is one which affects the welfare of the people of the whole state at large and can only be invoked by such executive officers of the state as are by law entrusted with the discharge of such duties, and such suit must be brought in the name of the state: *State ex rel.* v. *Lord,* 28 Or. 498 (43 Pac. 471, 31 L. R. A. 473) ; *State ex rel.* v. *Metschan,* 32 Or. 372, 384 (46 Pac. 791, 53 Pac. 1071, 41 L. R. A. 692) ; *Friendly* v. *Olcott,* 61 Or. 580 (123 Pac. 53). The Attorney General is the "law officer of the state, and shall have all of the power and authority usually appertaining to such office, and shall have charge and control of all the legal business of the state, or of any office or department thereof which requires the services of an attorney or counsel in order to protect the interests of the state." Section 2773, Or. L.

The Attorney General did not commence this suit but appeared in opposition to it. Whether under such circumstances the suit could be maintained at all is a question which we are not called upon at this time to determine. We have passed upon the merits of the case and leave this question for further consideration if occasion therefor should hereafter arise.

For the reasons stated, the order sustaining the demurrer and dismissing the suit is affirmed.

AFFIRMED.

BEAN and ROSSMAN, JJ., not sitting.