Argued April 9, affirmed April 10, 1958

UNLIMITED PROGRESS ET AL *v.* CITY OF
PORTLAND ET AL
324 P. 2d 239

*E. J. Burrows,* Portland, argued the cause for appellants. With him on the brief were Mark Hathaway and Ben G. Fleischman, Portland.

*Alexander G. Brown,* City Attorney, and *Marian C. Rushing,* Deputy City Attorney, Portland, argued the cause and filed a brief for respondents.

PERRY, C. J.

The plaintiffs commenced this suit in the circuit court of Multnomah county to enjoin the defendant, Will E. Gibson, and other city officials from placing on the ballot for submission to the voters at the election on May 16, 1958, an initiative measure[1] relating to

_____

(1)                                   "AN ACT
"To amend an Act of the Legislative Assembly of the State of Oregon, entitled:
" 'An act to incorporate the City of Portland, Multnomah County, State of Oregon, and to provide a charter therefor, and to repeal all acts or parts of acts in conflict therewith', filed in the office of the Secretary of State January 23, 1903, as subsequently amended by said Legislative Assembly and by the people of the City of Portland from time to time, and as recodified, arranged and annotated pursuant to Ordinance No. 76832 by adding thereto a section to be numbered 14.110 to locate the Exposition-Recreation Center at Delta Park, requiring certain facilities, limiting cost, and authorizing the acquisition of additional property.
"BE IT ENACTED BY THE PEOPLE OF THE CITY OF PORTLAND, OREGON:
"Section 1. Section 14.110. The buildings and facilities which the Commission is required to provide by Section 14.103 shall be located at Delta Park as now laid out and established by the City of Portland, Oregon. The coliseum building shall be designed and built to provide seating for not less than 8000 persons and an arena not less than 130 feet by 260 feet in size, and one section thereof shall be a war memorial with the names of all Oregon men who died in World Wars I and II and the Korean War emblazoned on bronze plaques and with murals of historic battle scenes. The exposition and exhibition center shall contain an exhibit area suitable for livestock shows of not less than 400,000 square feet. Provision shall be made for ice skating throughout the year. The facilities shall provide for indoor and outdoor sporting and recreational activities of a participation character, and when possible without conflict with other uses, shall be made available to the Bureau of Parks of the City of Portland for such activities.
"Not less than 50 acres of paved parking shall be included in such facilities.
"The buildings and facilities which the Commission is required to provide, together with the cost and improvement of property necessary for the protection of or access thereto, shall be designed and constructed at a cost not to exceed $8,000,000 plus interest accrued thereon and other funds available prior to completion.
"In addition to property which the Commission is authorized to acquire by Section 14.103, any other property may be acquired which may reasonably be expected to return a profit to the Commission, and the Commission may drain, fill and otherwise improve such property, and may sell, lease for a term not exceeding 99 years, rent or otherwise dispose of such property.
"Except as herein provided this section shall not be construed to alter the powers and duties of the Commission in any manner."

the exposition-recreation center now in the process of development in the city of Portland.

The plaintiffs in their complaint, after alleging the initiative petition is in proper form, properly verified and all statutory requirements have been met permitting it to be filed, allege the subject matter of the proposed measure is administrative in nature since the site for the center has already been selected and, therefore, is not subject to review; that there has been expended more than two million dollars at a present site previously selected by the commission, and any change in location will now result in a great loss of these moneys already expended; and generally the proposed act is unconstitutional.

The defendants demurred to the complaint and, the demurrer having been sustained by the trial court, the plaintiffs appeal.

■ It is not necessary for us to consider the constitutional validity of the proposed measure as attacked in plaintiffs' complaint. It may be that should this measure receive the approval of a majority of the voters in the city of Portland the reasons for invalidity of the measure set forth in plaintiffs' complaint would void its enforcement. However, if a proposed measure is legally sufficient in that all the provisions of the law relating to initiative measures have been formally complied with so that the measure, regardless of the legality of the subject matter and substance contained therein, will require an administrative official to place it upon the ballot for consideration of the voters, the courts will not interfere with the attempt to enact the measure. It is only after the proposed measure is enacted that the courts have power to declare the measure ineffectual in law. Such is the established law of this state governing initiative measures proposed by the

people of the state when acting in full compliance with the legal requirements of the initiative provisions of the constitution and laws of the state. *State ex rel. v. Newbry et al.*, 189 Or 691, 222 P2d 737; *State ex rel. Carson v. Kozer*, 126 Or 641, 270 P 513.

■ We are of the opinion this rule of law applies with equal propriety and force to municipal measures.

The judgment of the circuit court sustaining the defendants' demurrer to plaintiffs' complaint is affirmed.

None of the parties shall recover costs.