Argued June 7, reversed and remanded July 12, 1961

JOHNSON *v.* CITY OF ASTORIA ET AL

363 P. 2d 571

*James L. Hope*, City Attorney, Astoria, argued the cause for appellants. With him on the brief was Robert C. Anderson, Deputy City Attorney, Astoria.

*Wendell Wyatt* and *Lawrence M. Dean*, Astoria, argued the cause for respondent. With them on the brief were Sam H. Wilderman, Portland, and Norblad, Wyatt, Macdonald & Dean, Astoria.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin, and Lusk, Justices.

LUSK, J.

The defendants, the city of Astoria and six individuals, have appealed from an order allowing a peremptory writ of mandamus which commanded the defendants to place on the ballot a proposed amendment to the city charter.

On October 6, 1960, the plaintiff filed a petition for an alternative writ of mandamus. The petition alleged that the petitioner is a citizen and employee of the city of Astoria, Clatsop county, state of Oregon; that he aided in the circulation of an initiative petition for the charter amendment in question; that the initiative petition was prepared and duly signed by qualified signers in accordance with the statutes of the state of Oregon and was presented to the defendants for placing on the ballot to be voted upon in the election to be held on the eighth day of November, 1960, but that defendants have wrongfully failed and refused to place said charter amendment measure on the ballot. The prayer was for the issuance of an alternative writ of mandamus directed to the defendants and requiring them to place said proposed charter amendment on the ballot by the seventh day of October, 1960, or appear and show cause why they have failed so to do. On October seventh the court entered an order allowing an alternative writ in accordance with the prayer of the petition and on the same day a hearing was had at which all the parties appeared by counsel and at the conclusion of which the court signed a peremptory writ.

Also on that day the defendants served on the plain-

tiff a demurrer "to the petition as filed by the plaintiff herein, and the alternative writ of mandamus issued herein, for the reason that neither the petition now [sic] said alternative writ of mandamus state facts showing that the plaintiff is entitled to the writ of mandamus as prayed." Apparently, the demurrer was not actually filed with the clerk of the court until after the court had decided the case and no order upon the demurrer was ever entered. The record discloses, however, that the demurrer was called to the attention of the trial judge during the hearing.

On October eighteenth the defendants served the plaintiff with notice of appeal to this court from "that certain judgment and peremptory writ of mandamus" entered on October 7, 1960. On December eighth the court entered an order allowing a peremptory writ of mandamus and directing that such writ issue out of and under the seal of the court and on the same day the writ was issued accordingly by the clerk of the court. On December 28, the parties having stipulated to dismiss the appeal from the order entered October seventh, this court entered an order of dismissal without prejudice. On December twenty-ninth notice of appeal from the judgment of December eighth was served upon the plaintiff.

■ It was explained on the argument that the reason for dismissing the first appeal and securing the entry of the order of December eighth allowing the peremtpory writ, was that the court, in making its order of October seventh, had not followed the statute which prescribes that "[u]pon the filing of the petition and order of allowance, the writ shall be issued by the clerk in accordance therewith.", ORS 34.130, and that an appeal must be taken to the Supreme Court from the judgment of the circuit court "directing a per-

emptory mandamus", rather than from the writ itself. ORS 34.240. Since all this was done at the same term of court, ORS 4.260, the entry of the new judgment and issuance of the writ by the clerk were permissible under *Seufert v. Stadelman*, 178 Or 646, 650-651, 167 P2d 936.

◼ In the brief and on the argument the defendants challenged the order appealed from on the ground, among others, that the alternative writ, which serves the purposes of a complaint, is fatally defective because of the total failure of that writ to state any facts. ORS 34.170-34.190; *State ex rel. Bethke v. Bain*, 193 Or 688, 694-695, 240 P2d 958, and cases there cited. Counsel for the plaintiff concede the point, but argue that it was waived on the trial by what amounts to a stipulation of counsel for the defendants that the case might be heard and determined on the facts alleged in the petition.

We agree that counsel for defendants did stipulate with counsel for the plaintiff in open court that the facts were "entirely as embodied in the petition" and that he introduced the petition in evidence and to that extent waived the right to insist upon the point that the alternative writ was defective because of its failure to state any facts. To all intents and purposes, the parties agreed that the petition might be treated as the complaint and the court could therefore properly consider and decide the case upon that basis. Cf. *State ex rel. Bethke v. Bain*, supra, 193 Or, at 697.

◼ The insuperable difficulty in the case, however, is that the petition for the writ, even though it be considered as a complaint, wholly fails to state a cause of action against any of the individual defendants. Presumably this is intended to be a proceeding against

an officer or officers "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office * * *." ORS 34.110. As we said in *State v. Ringold*, 102 Or 401, 406, 202 P 734:

> "The writ of *mandamus* may properly compel an officer to perform such act as the law specifically enjoins, but the writ will not lie unless the duty sought to be enjoined is prescribed by the law as devolving upon such officer: (citing cases)."

The duty is of the essence of the cause of action and obviously facts must be pleaded which show its existence. But the petition here does not allege that the individual defendants or any of them are city officials or that any of them are charged with the duty to place an initiative measure on the ballot, nor is there any evidence upon that subject. So far as the record goes, these defendants may be private citizens—or not citizens at all. The city of Astoria has exercised the right granted to it by Article IV, § 1a of the constitution to adopt an ordinance providing for the manner of exercising the initiative and referendum powers as to its municipal legislation. The ordinance, which is in evidence, imposes upon the auditor the duty of placing initiative measures on the ballot. It is the auditor, therefore, against whom primarily the plaintiff should proceed to obtain the desired remedy.

■ We are constrained to reverse the judgment allowing the peremptory writ, but in the unusual circumstances deem it proper to remand the cause for further proceedings which will include the right of the plaintiff to apply to the circuit court for the allowance of appropriate amendments of the petition and pleadings. As we held in *Seufert v. Stadelman*, supra, at 657, the fact that the relief originally sought was to have the initiative measure placed on the ballot at the general

election held November 8, 1960, offers no necessary impediment to the issuance of a writ requiring the measure to be submitted to the electorate at a future election.

Aside from an argument appropriate to the hustings, but not in a judicial proceeding, to the effect that the proposed charter amendment is a bad piece of legislation, the only defense suggested on the merits is that the measure embraces more than one subject and therefore violates Article IV § 20, of the Oregon Constitution.

■■ Since this case involves a matter of public importance and concern, we feel it incumbent upon us, in the interest of avoiding needless litigation and delay, to state at this time that this court has already definitely decided that the presumed or claimed unconstitutionality of an initiative measure does not justify or excuse an officer's refusal to perform the mandatory duty of placing such a measure on the official ballot if all the preliminary statutory requirements have been complied with. *Unlimited Progress v. Portland*, 213 Or 193, 324 P2d 239; *State ex rel. v. Newbry*, 189 Or 691, 222 P2d 737; *State ex rel. Carson v. Kozer*, 126 Or 641, 270 P 513. None of these cases has been cited in the briefs of counsel. They hold that an official will not be enjoined from submitting an initiative measure to the voters simply because the measure may be unconstitutional and that the courts of this state have no power to determine the question of constitutionality of a measure before its enactment into law. As Mr. Justice RAND said in the *Kozer* case:

"If the measure is unconstitutional and should be adopted, the Constitution itself will require the courts, if the question is properly presented, to pronounce the measure to be unconstitutional, but

> the courts possess no such power as to any proposed bill before the same has become a law and neither the executive department of the state nor the judicial department has authority to say to either of the legislative branches of the state, "The law you are proposing to enact is unconstitutional and because it is unconstitutional you cannot determine for yourself whether the same shall be enacted into law or not.' These principles, it seems to us, are so fundamental and their application to the instant case so clear as to require no citation of authorities for their support." (126 Or, at 649)

At the time of the decision in the *Kozer* and *Newbry* cases, OCLA 81-2105, as amended by Oregon Laws 1945, ch 85, was in effect. This statute authorized a writ of mandamus to be issued against the secretary of state or other appropriate public official who refused to accept and file a "legally sufficient" petition for the initiative or referendum and the issuance of an injunction to restrain such official from certifying or printing on the official ballot a petition which was not "legally sufficient". The words "legally sufficient" were held to have no reference to the question of whether the proposed measure if adopted would be constitutional, but to "refer only to a compliance with the procedure prescribed by the statute for getting an initiative measure on the ballot". *State ex rel. Carson v. Kozer,* supra, 126 Or, at 646. The statute, which contained provisions respecting procedure and venue, was repealed by Oregon Laws 1957, ch 608, § 231. Its repeal, however, had no effect on the law as previously announced by this court in the *Kozer* and *Newbry* cases, for the rule of those cases was followed in *Unlimited Progress v. Portland,* supra, decided in 1958.

■ Under the principle of these decisions, it is equally inadmissible to inquire into the constitutional-

ity of a proposed initiative measure when the remedy sought is mandamus to compel submission of the measure as when the proceeding is by injunction to restrain its submission. See the specially concurring opinion of McBRIDE, J., in *Schubel v. Olcott*, 60 Or 503, 516, 120 P 375; 25 Am Jur 465, Initiative and Referendum, § 40.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.