Argued February 23, Attorney General's Ballot Title affirmed
February 28, 1968

BRISTOW ET AL, *Appellants, v.* THORNTON
ET AL, *Respondents.*

437 P. 2d 825

*Robert C. MacDonald,* Astoria, argued the cause for appellants. With him on the brief were MacDonald, Dean & McCallister, Astoria.

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

The appellants, being dissatisfied with the ballot title prepared by the attorney general for an initiative measure filed with the Secretary of State, have appealed.

Their argument on appeal is that the title as prepared violates the spirit of ORS 254.070.

We have carefully examined the ballot title prepared by the attorney general and are of the opinion that the title as prepared is in compliance with the statutes.

The attorney general's ballot title is affirmed.

McALLISTER, J., dissenting.

The caption of the ballot title prepared by the Attorney General reads as follows:

## "RECREATIONAL—COMMERCIAL FISHERIES BILL"

The chief purpose of the measure is to restrict commercial fishing, and the caption should so state. This court has uniformly so held as to other measures designed to restrict or prohibit commercial fishing. See, *Westerholm v. Thornton,* 235 Or 633, 386 P2d 458 (1963); *Columbia River Packers v. Thornton,* 230 Or 472, 371 P2d 975 (1962); *Columbia River Packers v. Thornton,* 215 Or 1, 325 P2d 812 (1958); *Allen v. Van Winkle,* 136 Or 173, 298 P 241 (1931).

We should substitute for the caption submitted by the Attorney General the following:

## "BILL TO RESTRICT COMMERCIAL FISHING".

The suggested caption is a more impartial statement of the purpose of the measure.

I dissent.

SLOAN, J., concurs in this dissent.