Submitted on briefs July 27, ballot title revised
August 17, 1970

OREGON AFL-CIO ET AL, *Petitioners, v.*
WELDON ET AL, *Respondents.*
473 P2d 664

Berkeley Lent, Portland, for petitioners Oregon AFL-CIO and Edward J. Whelan.

Raymond M. Kell and Clifford B. Alterman, Portland, for petitioner Tri-County Metropolitan Transportation District of Oregon.

George A. Van Hoomissen, District Attorney, Portland, for respondents.

PER CURIAM.

This is a proceeding to review a ballot title prepared by the District Attorney of Multnomah County for a proposed initiative ordinance repealing an excise

tax on employers levied by the board of directors of the Tri-County Metropolitan Transportation District and restricting the board's taxing powers.

■ The initial question is whether jurisdiction to review the proposed ballot title is vested in this court or in the circuit court for Multnomah County. We think the legislature intended the review to be in the Supreme Court.

The Tri-County Metropolitan Transportation District was created pursuant to Chapter 643, Oregon Laws 1969, now codified as Chapter 267 Oregon Revised Statutes, and is a municipal corporation. The exercise by the transit district voters of the powers of the initiative and referendum is authorized by ORS 267.170 (1), reading as follows:

> "The voters of a district may exercise the powers of the initiative and referendum, with reference to legislation of the district board, in accordance with the laws of the state governing exercise of the initiative and referendum by voters of a district generally under ORS 254.340. However, when the boundaries of a district encompass more than one county, the county clerk, district attorney and chairman of the board of county commissioners of the most populous county within the district are substituted for the Secretary of State, Attorney General and Governor, respectively."

The first quoted sentence provides, in substance, that the general initiative and referendum statutes, as enumerated in ORS 254.340, shall apply to a mass transit district.

ORS 254.340 (2)① makes special provision for a

---

① "When a county or any municipality or district situated solely within one county is exercising these powers [initiative and

district situated solely within one county, including the review of ballot titles by the circuit court of that county. However, since the district involved in this proceeding is comprised of three counties we conclude that ORS 254.340 (2) does not apply to our problem and need receive no further attention.

We turn then to the second sentence of ORS 267.170 (1), which provides that in multi-county districts the "county clerk, district attorney and chairman of the board of county commissioners of the most populous county within the district are substituted for the Secretary of State, Attorney General and Governor, respectively." It will be noted that although the legislature referred to ORS 254.340 and provided in ORS 267.170 (1) for the same substitution of county officials for state officials as in ORS 254.340 (2), it did not provide for a substitution of the circuit court for the Supreme Court for review purposes. In view of the specific reference in ORS 267.170 to ORS 254.340, it is not probable that the difference was a legislative oversight.

ORS 254.077 provides that anyone dissatisfied with a ballot title filed with the secretary of state may petition the Supreme Court for a review. When the legislature substituted the county clerk in ORS 267.170 for the secretary of state we think it intended that the review provision of ORS 254.077 applicable to petitions filed with the secretary of state would apply to petitions filed with the county clerk. When

referendum], the county clerk shall be substituted for the Secretary of State, the district attorney for the Attorney General and the county judge or chairman of the board of county commissioners for the Governor; and appeals by those who may be dissatisfied with the ballot title shall be taken to the circuit court of the county."

the legislature failed to provide for a review by the circuit court of a ballot title filed with the county clerk of the most populous county of a multi-county district we think it contemplated a review by the Supreme Court. A contrary conclusion would eliminate ballot title review in the initiative and referendum procedures in multi-county transit districts.

Our conclusion is confirmed by the general initiative and referendum statute, ORS 254.060, which provides that measures to be referred to the people of the state or of any district composed of two or more counties shall be filed with the secretary of state. This indicates an intention to treat petitions filed in multi-county districts on the same basis as statewide petitions.

It is also significant that the legislature provided a special procedure for the *filing* and *processing* of mass transit district petitions in multi-county districts, but did not provide special procedures for judicial review of ballot titles.

We realize that our conclusion results in a different review procedure for a mass transit district comprised of only one county and a district comprised of more than one county. But we prefer that result to adding by judicial decree an additional provision to ORS 267.170.

■■ Petitioners' objection to the ballot title is based primarily on the claimed invalidity of a number of the measure's provisions. They argue that much of the measure would conflict with various portions of the statutes which provide for mass transit districts, and that it is therefore an attempted amendment of state law beyond the power of the district voters to enact. For this reason, they contend, we should hold that it is impossible to prepare a ballot title which

adequately informs the voters of the nature of the proposed measure. Alternatively, they ask us to approve a title which states that some of the measure's provisions cannot be validly adopted by the district's voters.

We have repeatedly held that the courts are without power to determine the validity of a proposed law or ordinance before its enactment. *Johnson v. City of Astoria et al*, 227 Or 585, 591-592, 363 P2d 571 (1961); *Unlimited Progress v. Portland*, 213 Or 193, 324 P2d 239 (1958); *State ex rel Stadter v. Newbry et al*, 189 Or 691, 222 P2d 737 (1950); *State ex rel Carson v. Kozer*, 126 Or 641, 270 P 513 (1928). In *Carson* we said:

> "Since, under the amendment of the Constitution, the people have reserved to themselves the power to enact law, the power resides in the people and any attempted interference by the courts in the exercise of their power, where all the requirements of the statute have been complied with, would be a mere usurpation upon the part of the courts, for such power does not exist. Where all the statutory requirements have been complied with, no court or executive officer has any authority to interfere or prevent a vote thereon. In such case the people alone are authorized to determine whether the proposed measure shall be enacted into law and if the measure when enacted is unconstitutional, then only have the courts power to declare it to be unconstitutional. The courts, therefore, can no more prevent, when all statutory requirements have been complied with, the people from voting upon a proposed initiative measure than it could prevent the legislative assembly, when convened, from voting upon the same measure." 126 Or at 647.

In *Unlimited Progress v. Portland*, supra, it was held that the rule of *Carson* applies to municipal measures.

The principles of *Carson* and the cases following it apply as well when a measure is submitted for a ballot title as when signed petitions are filed to have a measure placed on the ballot. The other branches of government cannot interfere with the people's exercise of the legislative power so long as the procedures prescribed by statute for the exercise of that power are complied with. It would have been improper for the district attorney to refuse to give this measure a title merely because he thought all or portions of it would be invalid if enacted. Nor would it be proper for him or this court to decide in advance the validity of the measure and incorporate that decision in the ballot title as petitioners ask us to do.

Petitioners cite *Holmes v. Appling*, 237 Or 546, 392 P2d 636 (1964) in which we approved the refusal of the secretary of state to provide a ballot title for an initiative measure. That case did not involve the validity of the measure submitted; it dealt with an attempt to use the power of initiative for a purpose not authorized by the constitution. The proposed measure was a new or revised state constitution. We held that the constitution did not provide for the proposal of a new constitution by initiative—that this procedure could only be used for constitutional amendments. We made clear in that decision the distinction between an attempt to use the initiative for an unauthorized purpose and its use to propose an allegedly invalid measure. This case clearly comes within the second category, and *Holmes v. Appling* has no application.

■ We pass over, then, petitioners' arguments of invalidity, and consider their final contention: that the ballot title is misleading in its emphasis and does not disclose all the effects the measure will have if enacted.

314

The proposed measure is reproduced in full in the margin.② The district attorney prepared a ballot title reading:

"TRI-MET TRANSPORTATION DISTRICT,

---

②         "A PROPOSED ORDINANCE

"Regulating the taxing powers of the Board of Directors of Tri Metropolitan Transportation district of Oregon; repealing Ordinance No. 2; and declaring an emergency.

"BE IT ENACTED BY THE PEOPLE OF TRI METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, COMPRISING ALL LEGAL VOTERS WITHIN THE BOUNDARIES OF CLACKAMAS, WASHINGTON AND MULTNOMAH COUNTIES:

"Section 1. No sales tax, income tax, property tax, payroll tax or business license tax levied by the Board of Directors of Tri Metropolitan Transportation District of Oregon shall be effective or operative until it has been approved by a majority of the votes cast thereon by the legal voters of the district at a properly called election held for that purpose.

"Section 2. No tax shall be levied by the Board of Directors of Tri-Metropolitan Transportation District of Oregon in any area not actually served by the transit system then and there being operated by said district.

"Section 3. Ordinance No. 2 passed by the Board of Directors of Tri Metropolitan Transportation District of Oregon on December 18, 1969, and entitled 'An ordinance imposing an excise tax on employers, providing for administration, enforcement and collection of the tax and declaring an emergency,' is hereby repealed. No taxes shall be collected under said ordinance after the effective date of this ordinance.

"Section 4. The Board shall pass all ordinances and resolutions necessary to carry out the provisions of this ordinance.

"Section 5. This ordinance shall not be amended or repealed unless such amendment or repeal is approved by a majority of the votes cast thereon by the legal voters of the district at a properly called election held for that purpose.

"Section 6. Each provision of this ordinance shall be deemed independent of the other and if any provision is held invalid or unconstitutional by any court of competent jurisdiction, the remaining provisions shall remain in full force and effect.

"Section 7. This ordinance being necessary for the immediate preservation of the public peace, health and safety in that said Board has levied certain taxation without the consent of the taxpayers of the District, and said action should be set aside without delay, an emergency is hereby declared to exist and this ordinance shall take effect immediately."

RESTRICTING TAXING POWERS—Purpose: Proposed ordinance prohibits the levy of any sales tax, income tax, property tax, payroll tax or business license tax by the District Board without the approval of voters of the District; prohibits a tax levy in any area not actually served by the transit system operated by the District.

"Repeals excise tax on employers levied by the Board by Ordinance No. 2 on December 18, 1969.

"Proposed ordinance to take effect upon approval by voters."

This title lists some of the measure's provisions in the order they appear in the ordinance itself, and omits others.

We agree with petitioners that the primary purpose of the proposed ordinance is the repeal of the existing payroll tax. The repeal of this tax and prevention of its future collection will have the greatest immediate impact should the measure be enacted. The provisions restricting the district's future taxing power are of less immediate, but almost equal, importance.

The title prepared by the district attorney did not reflect this relative importance and completely failed to mention the restriction on future collections of taxes already levied. To remedy these defects we approve the following title:

### TRI-MET TAX REPEALED. TAXING POWERS RESTRICTED

PURPOSE: Repeals employers' payroll tax heretofore levied by Board of Directors of Tri-County Metropolitan Transportation District and provides that no taxes shall be collected thereunder after this ordinance passed. Prohibits levying any sales, income, property, payroll, or business license tax

unless approved by district voters. Prohibits levy of tax in any area not actually served by transit system. Prohibits amending or repealing this ordinance without district voter approval,

This ordinance effective upon approval by voters.

Ballot title revised.

DENECKE, J., dissenting.

This court has had difficulty in resolving its role in reviewing ballot titles. In our last decision in this area, however, I was of the opinion that a majority of the court decided that the scope of review should be limited. *Bristow v. Thornton,* 249 Or 294, 437 P2d 825 (1968).

The only legislative standard now imposed upon the officer charged with writing ballot titles is that the title "be a concise and impartial statement of the purpose of the measure." ORS 254.070. In *Bristow v. Thornton,* supra (249 Or 294), we held the Attorney General had complied with that standard. The ballot title prepared by the Attorney General was

"RECREATIONAL—COMMERCIAL
FISHERIES BILL"

The dissenters stated: "The chief purpose of the measure is to restrict commercial fishing, and the caption should so state." 249 Or at 295. They proposed a caption,

"BILL TO RESTRICT COMMERCIAL
FISHING",

but the majority of the court refused to rewrite the caption.

I am of the opinion that the present title prepared by the District Attorney of Multnomah County is in compliance with ORS 254.070.

O'CONNELL, C.J., joins in this dissent.