Submitted on petition for review November 1, petition for review denied
November 2, opinion November 22, 1978

MAGINNIS et al, *Petitioners,*
*v.*
CHILDS, *Respondent.*
(No. 6234-E, SC 25879)

587 P2d 460

Michael Rose, Milwaukie, for the petition.

William A. Bennett, Condon, contra.

PER CURIAM.

Lent and Linde, JJ., would allow the petition.

## PER CURIAM.

On the advice of the district attorney, the defendant, the Gilliam county clerk, refused to place an ordinance proposed by initiative on the ballot for vote in the November 7, 1978, election. According to the allegations made to us, the initiative measure was legally sufficient; that is, it had the proper number of signatures, etc. The district attorney's advice was based upon his opinion that the initiative, if passed, would have no legal effect.

In a mandamus proceeding, the circuit court refused to order the county clerk to place the measure on the ballot and the Court of Appeals affirmed. A petition for review was filed with us on November 1, 1978, with a motion to expedite the decision on the petition. We denied the petition. This opinion is in explanation of our denial.

■ Initiative measures must be placed on the ballot for vote. That they may be invalid or ineffective is not grounds for a court or other official to keep them off the ballot. *State ex rel Carson v. Kozer,* 126 Or 641, 647, 270 P 513 (1928). It was for this reason that we granted the petition for a peremptory writ of mandamus in *State ex rel Umrein v. Heimbigner, City Recorder of Beaverton,* September 19, 1978, SC #25813 (no opinion), and ordered the recorder to put the measure on the ballot. The Court of Appeals followed this principle in *Barnes v. Paulus,* 36 Or App 327, 332, 588 P2d 1120 (1978).

The one exception is if the proposed measure is legally insufficient to be placed on the ballot. An example of this exception is *Kays v. McCall,* 244 Or 361, 418 P2d 511 (1966), in which the petitions for the initiative measure did not have the number of supporting certified signatures required by Art IV, § 1, Oregon Constitution.

■ But if the issue of whether the proposed measure should go on the ballot comes before a court, including

[ 339 ]

this court, at a date so close to the election that the proposed measure cannot be placed on the ballot without interfering with the fairness of the election, the court will not intervene. A majority of this court was of the opinion that the date when we were asked to act was so late that we could not consider the matter with the deliberateness it deserved and then act in time to insure a fair election.

Petition for review denied.