CHESHIRE TAXPAYERS' ACTION COMMITTEE,
INC., ET AL. *v.* BURTON I. GUILFORD ET AL.
(11415)

SPEZIALE, C. J., PETERS, HEALEY, SHEA and GRILLO, Js.

Argued January 5—decision released April 24, 1984

1

*John K. Knott, Jr.,* for the appellants (defendants).

*James M. Ullman,* for the appellee (plaintiff Eric Schrumm).

SPEZIALE, C. J. The question on this appeal is whether the trial court erred in issuing a writ of mandamus to compel the defendant members of the Cheshire town council[1] to submit an ordinance proposed by initiative petition to referendum. Because the trial court refused to consider whether the proposed ordinance clearly exceeded the power of the electorate, we find error and remand for a new trial.

The underlying facts are not in dispute. The plaintiff appellee is a taxpayer and elector in the town of Cheshire.[2] In July, 1979, the plaintiff and other electors circulated a petition which proposed an ordinance requiring an annual budget referendum.[3] This petition was circulated pursuant to the power of initiative reserved to the electors by § 3-7 of the town of Cheshire charter.[4] The town clerk, in accordance with the char-

---

[1] The members of the town council named as defendants in the original complaint are Burton Guilford, James McKenney, Lewis Lagervall, Jack Foster, Robert Bown, Raymond Voelker, Joseph Raines, Selina McArdle, and David Thorpe.

[2] The complaint was brought by both the Cheshire Taxpayers' Action Committee and Eric Schrumm. The trial court dismissed the Cheshire Taxpayers' Action Committee as a plaintiff for lack of standing. A cross appeal by the Cheshire Taxpayers' Action Committee was withdrawn.

[3] The proposed ordinance provided:

"Section 1. No budget of the Town of Cheshire shall be deemed approved nor can it be implemented until it has been submitted to the electorate of the Town of Cheshire at a referendum and approved by a majority vote of the electors voting in said referendum.

"Section 2. All ordinances or parts of ordinances inconsistent with this ordinance are hereby repealed.

"Section 3. This ordinance shall take effect on January 1, 1980."

[4] The charter of the town of Cheshire provides in relevant part: "3-7. POWER OF INITIATIVE. The electors of the Town shall have the power to propose ordinances to the Council. If the Council fails to adopt an ordinance so proposed without any change in substance within thirty (30) days after a petition making such a proposal shall have been certified to the Coun-

ter, certified the petition to the town council. The town council failed to adopt the proposed ordinance and informed the plaintiff of the council's belief that the ordinance was invalid as presented. On January 25, 1980, the plaintiff sought a writ of mandamus to compel the town council to submit the proposed ordinance to the electors of the town of Cheshire pursuant to § 3-7 of the charter which provides in relevant part: "If the Council fails to adopt an ordinance so proposed without any change in substance within thirty (30) days after a petition making such a proposal shall have been certified to the Council . . . the electors may adopt or reject the same at a referendum called by the Council and held within ninety (90) days after such proposed ordinance has been certified to the Council."

The trial court refused to consider the defendants' special defense that the "matter . . . is not one within

cil, as provided herein, the electors may adopt or reject the same at a referendum called by the Council and held within ninety (90) days after such proposed ordinance has been certified to the Council. Notice of such referendum, accompanied by the proposed ordinance in its entirety, shall be given at least ten (10) days in advance by publication in a newspaper having a substantial circulation in the Town and by posting a notice in a public place. Any such petition may be filed by any elector of the Town with the Town Clerk and, except as provided herein, such petition shall conform to the requirements of Section 7-9 of the General Statutes, as amended. Said petition shall contain the full text of the ordinance proposed and shall be signed in ink or indelible pencil by qualified electors of the Town equal in number to at least ten (10) per cent of the electors registered at the last regular municipal election. Said petition shall be accompanied by affidavits signed and sworn to by each circulator as provided in said Section 7-9. The Town Clerk shall, within five (5) days after receipt of the last page of said petition within the time provided herein, determine whether the petition and the affidavits are sufficient as prescribed by law, and certify said petition to the Council. A vote of the electors to adopt the proposed ordinance shall not become effective unless a majority numbering twenty (20) per cent or more of the electors shall have voted to adopt the proposed ordinance. Said ordinance shall become effective upon certification of the results of the voting thereon regardless of any defect in the petition. No ordinance which shall have been adopted in accordance with the provisions of this section shall be repealed or amended by the Council except by vote of the electors. (Amended 11-5-74; Amended 11-8-77)"

the proper scope of law which may be made by an ordinance" and found that mandamus was a proper remedy in this case.

The defendants have appealed from the judgment of the trial court and claim that the trial court erred: (1) in concluding that the plaintiff had a clear legal right to a referendum; (2) in failing to examine the validity of the proposed ordinance;[5] (3) in failing to conclude that the plaintiff had an adequate remedy at law; and (4) in failing to find the issues moot on the ground that the plaintiff received the substance of his petition following a charter amendment. Although we hold that the plaintiff did not have an adequate remedy at law[6] and that the issue was not moot,[7] we conclude that the trial

[5] As part of this claim of error, the defendants alleged that the trial court erred: (a) in failing to conclude that the Home Rule Act; General Statutes §§ 7-187 through 7-194; the town charter, and court decisions impose upon the defendant the duty to refuse to put to referendum an ordinance that would be void as contrary to the charter; (b) in refusing to consider the possible invalidity of the petitioned ordinance on the grounds that such consideration would result in an advisory opinion and in interference with the legislative process; and (c) in failing to find that the proposed ordinance would be void or illegal under the Home Rule Act as contrary to the charter.

[6] The defendants argue that General Statutes § 7-188, which provides a method for amending a town charter, provides an adequate remedy at law. General Statutes § 7-188 provides that the electorate can petition for an amendment to the charter. Once the petition is certified, however, the town council designates a commission to consider the recommendation proposed in the petition. General Statutes § 7-190. The town council may accept or reject the final report of the commission. This is obviously very different from the process described in § 3-7 of the charter where the people directly propose provisions and the electorate may directly adopt such provision if the town council fails to adopt the provision. General Statutes § 7-188 does not provide an adequate remedy at law for this plaintiff.

[7] The defendants allege that since the charter was amended in 1980, after the petition was certified, the plaintiff has received the substance of the proposed ordinance and thus this case is moot. The plaintiff's proposed ordinance requires that each budget be submitted to the electorate and be approved by a majority vote of the electors voting at a referendum. The amended charter provides that the annual operating budget may be submitted to referendum if a petition signed by at least ten percent of the registered electors is filed with the town clerk. The budget is adopted if fewer

court should have first determined whether the proposed ordinance clearly exceeded the legislative power of the electorate before finding that the plaintiff had a clear legal right to mandamus.

"Mandamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance. *Kosinski* v. *Lawlor,* 177 Conn. 420, 426, 418 A.2d 66 (1979)." *West Hartford Taxpayers Assn.* v. *Streeter,* 190 Conn. 736, 740, 462 A.2d 379 (1983). See *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 481, 447 A.2d 1 (1982); *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 518, 356 A.2d 109 (1975).

The defendants allege that because the proposed ordinance would be invalid if adopted, there is neither an obligation on the part of the town council to call a referendum nor a right on the part of the plaintiff to have a referendum called. The defendants contend that the proposed ordinance is improper as it is actually an amendment to the town charter. Thus, calling the referendum as required by § 3-7 would violate General Statutes § 7-188 of the Home Rule Act, which provides the proper procedures for amending a charter. Because the proposal is invalid, the defendants argue, the plaintiff has no clear legal right to mandamus.

than twenty percent of the qualified electors vote, or, where more than twenty percent of the qualified electors vote, if the majority of those voting approve the budget. If a budget is rejected, the town council adopts a new budget, which is not subject to referendum. The method of budget approval contained in the proposed ordinance, however, would mandate that *every* budget of the town of Cheshire be submitted to referendum for approval by a majority of the voting electors. The method of budget approval contained in the proposed ordinance is not substantially the same as the method set forth in the amended charter and thus the plaintiff's case is not moot.

The plaintiff argues that § 3-7 of the charter imposes the clear, ministerial, and nondiscretionary duty on the town council to call a referendum where the town council fails to adopt the ordinance. The plaintiff contends that neither the town council nor the court may examine the validity of the proposal prior to the mandatory referendum.

This case demonstrates the tension between the traditional and time-honored power of the people to legislate directly through the process of initiative and referendum on the one hand and the mandate requiring elected representatives to discharge their duties in accordance with law on the other hand. "The initiative is a form of direct action legislation by the people." *West Hartford Taxpayers Assn.* v. *Streeter, supra,* 739. This fundamental reservation of power by the people should be highly respected. "Ordinarily courts will not enjoin the holding of an initiative election even in the face of a claim that the proposal is invalid or unconstitutional. *Dulaney* v. *City of Miami Beach,* 96 So. 2d 550 (Fla. Dist. Ct. App. 1957); *Unlimited Progress* v. *Portland,* 213 Or. 193, 324 P.2d 239 (1958); 5 McQuillin, Municipal Corporations (3d Ed. Rev.) § 16.69; annot., 19 A.L.R.2d 519, 522. Judicial abstention can be justified on the grounds that until the results are known there can be no showing of irreparable harm, that judicial intrusion into and interruption of the political process is inappropriate and that the fact that, if the proposal is later held invalid, the election may be useless does not render such election illegal." *West Hartford Taxpayers Assn.* v. *Streeter, supra.*

On the other hand, "a public officer cannot be compelled to perform an act which is unlawful, contrary to or forbidden by law, or which would aid in an unlawful transaction." *Stolberg* v. *Caldwell,* 175 Conn. 586, 612, 402 A.2d 763 (1978). See *State ex rel. Shelton* v. *Edwards,* 109 Conn. 249, 254, 146 A. 382 (1929).

"Although courts should not examine direct action legislation so critically as to frustrate the exercise of the franchise, nevertheless, if the proposed legislation *clearly exceeds* the legislative power of the electorate it is entirely appropriate for the court, in a proper case, to withhold the judicial command." (Emphasis added.) *West Hartford Taxpayers Assn.* v. *Streeter,* supra, 740. This limited examination of the proposed ordinance to determine whether it "clearly exceeds the legislative power of the electorate" best protects both the rights of the people to propose legislation and the rights of the town officials to perform their duties in accordance with law.

Whether the plaintiff has a "clear legal right" to mandamus depends upon whether the proposal "clearly exceeds the legislative power of the electorate." The trial court erred in the instant case in refusing to inquire whether "the proposed legislation *clearly exceeds* the legislative power of the electorate . . . ." (Emphasis added.) *West Hartford Taxpayers Assn.* v. *Streeter,* supra.

There is error, the judgment is set aside, and a new trial is ordered.

In this opinion the other judges concurred.