Argued March 19, affirmed April 28, reconsideration denied
May 28, petition for review allowed June 18, 1975

WILBER ET AL (No. 86082), *Appellants, v.*
WHEELER, *Respondent.*
534 P2d 520

*William D. Cramer,* Burns, argued the cause for
appellants. With him on the brief were Cramer &
Pinkerton, Burns.

*Al J. Laue,* Assistant Attorney General, Salem, ar-
gued the cause for respondent. With him on the brief
were Lee Johnson, Attorney General, W. Michael Gil-
lette, Solicitor General, and Louis S. Bonney, Assist-
ant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

By mandamus petitioners seek to require the State Engineer to issue a new, corrected water right certificate in lieu of one issued on August 8, 1956, because a 17-acre water right was allowed in that certificate on lands not applied for nor owned by the applicant. The lands had been found, by the final proof survey, to have been part of applicant's irrigation project and the water applied to beneficial use thereon. The State Engineer demurred to the alternative writ and the court sustained the demurrer on the ground it failed to state facts sufficient to constitute a cause of action. From a judgment dissolving the writ, petitioners appeal.

From the pleadings it appears that petitioners' predecessor made application for a permit to appropriate water from the Middle Fork of the Malheur River in 1940 for the irrigation of 167.1 acres. In due course the applicant made proof to the State Engineer that the right to the use had been perfected and a certificate of water right was issued on August 8, 1956, with priority of November 8, 1940, for 167.1 acres of land. The final proof survey map appears in the pleadings as follows:

Included in the final proof survey were parts of two 40-acre tracts, nearly in the middle of the project, which were found to have been irrigated, NW ¼ SE ¼ and NE ¼ SE ¼ of Section 31, Township 20 South, Range 36 East, Willamette Meredian, 10.2 acres and 6.8 respectively, totaling 17 acres. The water right certificate included these lands. It was issued on August 8, 1956, by State Engineer Lewis A. Stanley and recorded in State Record of Water Right

Certificates, Volume 15, page 21426. The certificate was received for record by the Harney County Clerk

## Exhibit B—Final Proof Map

T. 20-21 S.R.35-36 E.

## FINAL PROOF SURVEY
### UNDER

Application No. 19078 Permit No. 14673
IN NAME OF

NELSON WILBER
Surveyed June 26, 1954, by J. Jones

HI-7-13

on August 29, 1956 and recorded in Book 3 Water Rights Records at 168. No objection was made to the

certificate of water right until March 1974, over 17 years after its issuance. ORS 537.270 provides:

"A water right certificate issued in accordance with the provisions of ORS 537.250 *which, after the expiration of three months from the date it is issued, has not been contested* and canceled in the manner provided in ORS 537.260, and a water right certificate, when issued under ORS 539.140, *shall be conclusive evidence of the priority and extent of the appropriation therein described in any proceeding in any court or tribunal of the state * * *.*" (Emphasis supplied.)

In *Tudor v. Jaca et al.,* 178 Or 126, 164 P2d 680, 165 P2d 770 (1946), in discussing the effect of ORS 537.270 the court said:

"It is insisted that the water right certificate which was issued to appellant's predecessor, Pacific Livestock Company, pursuant to the circuit court's decree in the Owyhee adjudication, is, by force of the statute (section 116-436, O.C.L.A.) 'conclusive evidence of the priority and extent of the appropriation therein described in any suit, action or other proceeding* * *' * * *.

"There can be no doubt but that a water right certificate must be accorded the evidentiary effect which the statute prescribes. * * *" 178 Or at 156.

Here the court recognized the validity and effect of the statute which prescribes the time and manner in which the certificate of water right may be contested before the State Engineer (*see* ORS 537.260) and the conclusiveness of the certificate if there is no contest within three months from the date of issue.

■ Petitioners correctly point out that courts have the power under appropriate circumstances to correct water right certificates, even to the extent of nullifying them. *See Cleaver v. Judd,* 238 Or 266, 393 P2d 193 (1964). Petitioners are not foreclosed by this opinion

from relief in a more appropriate proceeding in the courts. But the State Engineer does not have any more authority than he is given by statute. In *Tudor v. Jaca et al.,* supra, the court also said:

> "Appellant inquires whether or not, if the court's interpretation of the Owyhee decree is permitted to stand, the water right certificate will be recalled and a new one issued. There appears to be no statutory authority for the cancellation of outstanding certificates and the issuance of new ones under the circumstances of the present case. * * *" 178 Or at 159.

We presently can find no more authority for the State Engineer to recall and issue new water rights certificates than there was at the time *Tudor v. Jaca et al.,* supra, was decided.

■■ Petitioners assert that the State Engineer by mistake "included lands [in the water right certificate] which were never owned by Petitioners or their predecessors in interest * * *," and that the State Engineer ought to have the authority to correct the mistake.①

> " 'The writ of *mandamus* may properly compel an officer to perform such act as the law specifically enjoins, but the writ will not lie unless the duty sought to be enjoined is prescribed by the law as devolving upon such officer: (citing cases).'

The duty is of the essence of the cause of action and

---

① Assuming, as alleged, that the State Engineer's action in certificating a water right on lands adjoining that for which application was made, was erroneous, at most, from petitioners' standpoint, that portion of the certificate might be treated as a nullity. Water rights when certificated become appurtenant to land, not to owners of land. The State Engineer's office is the indicia of the appurtenance of water rights to land but is not the indicia of ownership of land, which changes hands frequently. It may have been with this in mind that the legislature allowed but three months from the date of its issuance for the contesting of a water right certificate.

obviously facts must be pleaded which show its existence. \* \* \*" *Johnson v. City of Astoria et al,* 227 Or 585, 590, 363 P2d 571 (1961).

We have been unable to find any authority, and petitioners concede they can point us to none, which gives the State Engineer even authority to issue a new certificate, much less any authority which enjoins a duty upon him to, over 17 years after the fact, issue a new water right certificate cancelling 17 acres of water right from certain lands and transferring that 17-acre water right to other unspecified lands described by petitioners as "limited to the lands owned by Petitioners or their predecessors in interest."

The relief sought is beyond any duty or authority of the State Engineer and the trial court properly entered judgment dissolving the writ.

Affirmed.