## Third Department, October, 1963

### (October 17, 1963)

■ Town of Union, Respondent, v. Thomas J. Conlon et al., as Commissioners of Election of the County of Broome, et al., Appellants.— In this action for a declaratory judgment to hold invalid a section of the proposed new Broome County Charter, a preliminary injunction has been granted at Special Term restraining the submission of this section of the charter at the General Election, November 5. The section in dispute would, among other things, dissolve the Town of Union Welfare District as a separate district and merge it with the welfare district of the County of Broome. The general rule is that the process of enacting legislation by referendum or by direct legislative procedures will not be restrained by the court on the ground that the statute or other enactment that will ultimately emerge would be invalid. The statute is to be tested in the ordinary adversary litigation between parties whose rights will become affected by the impact of the legislation after it takes effect. The exception to this rule in New York is one of marked limitation and rests upon special circumstances, none of which is present in this case. (*Matter of McCabe* v. *Voorhis*, 243 N. Y. 401, 412.) As we view the litigation now before us, the danger foreseen in that case that the issue would never be tested out judicially does not exist here. The main adversary units of government, the County of Broome and the Town of Union are both parties to the action which can proceed to a determination of the merits of the validity of the charter provision after the referendum. We express no view on the legal merits of the validity of the controverted section, except to note that it is a close question and that it ought to be decided definitively by a final judgment directly between the two municipal corporations rather than by an order addressed to the process of submission and enactment. The relief sought in the complaint is broad enough to embrace a full and final determination on the merits entirely appropriate to the action for declaratory judgment. Order reversed and motion for temporary injunction denied, without costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.